UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TIMM LOREN ELAMON,

    Plaintiffs,

v.                                        ACTION NO. 2:06cv202

RED ROBIN INTERNATIONAL, INC.,

    Defendants.

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference entered June 23, 2006.

This case was referred for a report and recommendation for the disposition of the motion to dismiss filed by Red Robin, Inc. [Document No. 4]. For the reasons set forth below, the Court recommends the motion to dismiss the complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) be GRANTED.

**I. Factual and Procedural History**

Plaintiff, Timm Loren Elamon ("Mr. Elamon"), worked as an assistant manager of a Red Robin restaurant. During his six-week tenure in that capacity, he gave away approximately $5,965.61 in free meals, known as "comps." Mr. Elamon asserts that his actions were the result of long wait times at the restaurant and efforts to foster good-will with patrons. Red Robin

regional manager, Jason Rusk ("Mr. Rusk"), informed Mr. Elamon that he authorized too many comps, and accused him of embezzling from the restaurant.  Mr. Rusk then contacted the Virginia Beach police and a Virginia Beach detective swore out nine complaints against Mr. Elamon, based upon Mr. Rusk's allegations.  A Virginia Beach magistrate found probable cause that Mr. Elamon had committed the crimes alleged, and issued arrest warrants for Mr. Elamon.  Mr. Elamon was arrested and held in a Virginia Beach jail for six days.  The charges against Mr. Elamon were nolle prossed based upon lack of evidence.

   Mr. Elamon has filed a five-count complaint against Red Robin, Inc. stemming from this incident: malicious prosecution; false imprisonment; abuse of process; libel; and, tortious discharge.

## II.  Analysis

   Red Robin, Inc., has moved to dismiss all of Mr. Elamon's claims under Federal Rule of Civil Procedure 12(b)(6).  In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept the facts pleaded by the plaintiff as true, and view all allegations in a light most favorable to the non-moving party.  Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993).  The claim should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of its claims which would entitle it to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).  In ruling on a 12(b)(6) motion, the Court may rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985).  In the event of a conflict between the bare allegations of the complaint and any attached exhibit, the exhibit

prevails. <u>Fayetteville Investors v. Commercial Builders, Inc.</u>, 936 F.2d 1462, 1465 (4th Cir. 1991). With these controlling principles in mind, the Court turns to the merits of Orion's motion to dismiss Count I, the Miller Act claim, under Rule 12(b)(6).

### A. Motion to Dismiss Malicious Prosecution

Taking all claims put forth by the Plaintiff to be true, this court finds that the Plaintiff has failed to state a case for which relief can be granted for his malicious prosecution claim. <u>See</u> Fed. Rule Civ. Pro. 12(b)(6). "In an action for malicious prosecution, the plaintiff has the burden of showing that the prosecution was malicious, instituted by or with the cooperation of the defendant, without probable cause, and terminated in a manner not unfavorable to the plaintiff." <u>Commissary Concepts Mgmt. Corp. V. Mziguir</u>, 267 Va. 586 (Va. 2004). All four elements must be present in order for a claim to be successful. <u>See</u> <u>Id.</u>

In this case, there was probable cause for prosecution. The undisputed facts of the case establish that Mr. Elamon gave away ("comped") approximately $6,000 worth of meals during the six weeks in which he was a manager at the Red Robin. He admits this behavior, and proffers that he did so in order to pacify customers who were angry about wait times at the restaurant. This behavior, while explainable, could reasonably be interpreted by an employer as larceny or embezzlement. While these actions are not dispositive of malicious intent on Mr. Elamon's part, they do rise to a level of probable case in the eyes of this court. Additionally, a Virginia Beach magistrate found probable cause based upon these facts [Doc. No. 10 Ex. 4], and issued arrest warrants accordingly. [Doc. No. 10, Ex. 5]. Pursuant to Virginia Code Annotated §§19.2-45 & 10.2-72, a magistrate may only issue an arrest warrant upon a finding of probable cause. This court finds that probable cause existed because the Virginia Beach Magistrate made such a finding. Proof that

probable cause existed makes impossible a successful claim of malicious prosecution.

### B. False Imprisonment

False imprisonment is the "direct restraint by one person of the physical liberty of another without adequate legal justification." Jordan v. Shands, 500 S.E. 2d 215, 218 (Va. 1998). Thus, false imprisonment only occurs when a person is restrained unlawfully. Mr. Elamon was arrested pursuant to nine arrest warrants issued by a Virginia Beach magistrate. Those nine arrest warrants were issued only after the magistrate found probable cause and signed nine criminal complaints. Mr. Elamon was not restrained by Mr. Rusk or any agent of Red Robin, Inc. He was restrained by Virginia Beach authorities pursuant to a lawful warrant issued by an officer of the court. These facts rise to legal justification and vitiate his claim of false imprisonment, which requires that restraint be divorced from adequate legal justification.

### C. Abuse of Process

Mr. Elamon contends that Red Robin abused process in reporting his actions to the authorities and causing complaints and warrants to be issued against him. "Abuse of process involves the wrongful use of process after is has been issued. The essential elements of an abuse of process claim are '(1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings." Triangle Auto Auction, Inc. V. Cash, 238 Va. 183 (Va. 1989). Successful abuse of process claims arise after the process has been initiated. See Id. at 650; Fitzgerald v. Farrell, 2003 WL 22724608 No 27260 *2 (Va. Cir. 2003).

Mr. Elamon contends that Red Robin, Inc. abused process by initiating criminal complaints against him. He further contends that TALX UCM Services, Inc., UC eXpress (SM), who is a duly authorized agent of Red Robin, Inc., abused process through informing the Virginia Employment

Commission that Mr. Elamon had been fired for theft. This court finds that Mr. Elamon has alleged no facts that could support a successful abuse of process claim. "Abuse of process consists in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ. In brief, it is the malicious perversion of a regularly issued process, whereby a result not lawfully or properly attainable under it is secured." Mullins v. Sanders, 54 S.E. 2d 116, 121 (1949). There are no facts alleged in the complaint that support the second prong of the abuse of process definition - irregular use of process after it has been issued.

Red Robin, Inc.'s reporting of the alleged crimes does not fall under the definition of abuse of process because it occurred *before* process was issued. The Plaintiff's reply brief [Doc. No. 6] essentially concedes this when he identifies, as the basis for this claim, Defendant's absence of action after the initiation of process. After the complaints and arrest warrants were signed, there is no allegation that Red Robin, Inc. took any action "not proper in the regular prosecution of the proceeding." Glidewell v. Murray-Lacy & Co., 124 Va. 563 (Va. 1919); Mullins v. Sanders, 54 S.E.2d 116, 121 (Va. 1949)("[T]o sustain an action for abuse of process proof of malice is not necessary as to the issuance of the process, but 'it is necessary to allege and prove that the process after being properly used out was maliciously misused or abused." (quoting Glidewell v. Murray-Lacy & Co., 124 Va. 563, 571 (Va. 1919))). Red Robin did not assist the commonwealth attorney in Mr. Elamon's prosecution, but an absence of action does not present facts that can be considered an irregular prosecution of the proceeding.

Mr. Elamon points to the fact that Red Robin, Inc. failed to withdraw their complaint from the Virginia Employment Commission and that they testified against him at his employment hearing, presumably as evidence of malicious actions after the initiation of process - the second element of an abuse of process violation. This court finds that any evidence from the Virginia Employment

5

Commission ("VEC") is unavailable for scrutiny. See Va. Code Ann. §60.1-623(B). "Under Virginia law, information furnished to the VEC 'shall not be...used in any judicial or administrative proceeding other than one arising out of the provisions of this title." Shabazz v. PYA Monarch, LLC, 271 F. Supp. 2d 797, 802 (Friedman, J., E.D.Va. Norfolk Div. 2003). This court will, thus, not consider information arising from the VEC hearing. Even if they were to be considered, this court does not find that those factual allegations conform to the second element of an abuse of process claim, as there is no evidence of malice. Red Robin, Inc., in presenting their opinion that Mr. Elamon embezzled from the company to the VEC, acted in conformity with their position that they believe Mr. Elamon was guilty of wrongdoing, no more, no less.

### D. Libel

"In Virginia, the elements of libel are (1) publication of (2) an actionable statement with (3) the requisite intent. To be actionable, the statement must be both false and defamatory. True statements do not support a cause of action for defamation. Further, statements of opinion are generally not actionable because such statements cannot be objectively characterized as true of false." Jordan v. Kollman, 269 Va. 569 (Va. 2005). Additionally, the libelous statement must be "set out in the declaration *in haec verba*." Federal Land Bank v. Birchfield, 173 Va. 200, 215 (1939). Mr. Elamon does not specifically identify any statements in his complaint that were allegedly libelous. He identifies general damage to his reputation based upon the events from which this action arises, but no specific statement. As a matter of Virginia law, such imprecise allegations are insufficient to prove an action for libel. This court dismisses Mr. Elamon's claim for libel because the facts alleged are insufficient, even if true, to prove libel. Additionally, Mr. Elamon concedes this is not a colorable claim.

**E. Tortious Discharge**

Virginia adheres to the common law doctrine of at-will employment. Stonega Coal and Coke Co. v. Louisville and Nashville R.R. Co., 55 S.E. 551, 552 (1906). Under this doctrine, "either party [employer or employee] is ordinarily at liberty to terminate the contract at will upon giving reasonable notice of intention to terminate." Bowman, et al. v. Sate Bank of Keysville, et al, 331 S.E.2d 797, 798 (Va. 1985). Bowman established limited exceptions to the at-will doctrine where an employer violated public policy through the termination of employees who: are physically handicapped (Va. Code 40.1-28.7); file safety or health complaints (Va. Code 40.1-51.2:1); or, exercise rights under the Worker Compensation Act (Va. Code 65.1-40.1). See Id. Rowan v. Tractor Supply Co., 559 S.E. 2d 709, 711 (Va. 2002), further elucidated those limited exceptions, by naming three circumstances where the Virginia Supreme Court will approve a Bowman claim: where an employer violated a policy enabling the exercise of an employee's statutorily created right; where the public policy violated by the employer was explicitly expressed in the statute and the employee was clearly a member of that class of persons directly entitled to the protection enunciated by the public policy; or, where the discharge was based on the employee's refusal to engage in a criminal act.

Mr. Elamon cites a willful violation of public policy as the basis for relief on this claim. He does not identify a circumstance or statute that Red Robin has violated that conforms with the exceptions established in Rowan. In his reply brief, not in his complaint, Mr. Elamon cites Red Robin's violation of Va. Code §18.2-461, which prohibits making false reports to law enforcement officers, as the basis for his Bowman claim, and appears to align his claim with the first Rowan

exception. This court is not required to consider that code section, as the Plaintiff made no motion to amend his pleadings to include violation of that code section as a component of his tortious discharge complaint. However, in an interest of casting a wide net, this court will address that section and it's applicability to the Rowan exceptions.

The second and third Rowan exceptions - where the employee is in a protected class or where the employee refuses to engage in criminal activity - clearly do not apply in this instance. The first exception - where the employer violates an employee's statutorily granted right - does not apply either. Virginia Code §18.2-461 is a prohibition rather than protection. Even if Mr. Rusk's actions were nefarious, the cited code section grants no statutory rights to citizens or employees, it merely criminalizes certain acts. It is thus incongruent with the first Rowan exception. None of the very narrowly-tailored or limited exceptions to the Virginia employment at-will doctrine apply to this claim.

### III.  Recommendation

For the foregoing reasons, the Court recommends GRANTING Red Robin's motion to dismiss counts I, II, III, IV, and V pursuant to Federal Rule of Civil Procedure 12(b)(6).

### IV.  Review Procedure

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. A party may respond

to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                                                           /s/
                                                    Tommy E. Miller
                                      UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

August 17, 2006

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Gail Avery Ball, Esq.
3720 Albacore Key
Virginia Beach, VA 23452

R. Wayne Nunnally, Esq.
740 Duke Stree, Ste 450
Norfolk, VA 23510

C. Randolph Sullivan, Esq.
951 East Byrd Street
Richmond, VA 23219-4074

Christy E. Kiely, Esq.
951 East Byrd Street
Richmond, VA 23219-4074

                        Fernando Galindo, Acting Clerk

                By _____
                      Deputy Clerk

                      August,   2006